## NATIONAL BANK OF XENIA *v.* STEWART.

At the time of borrowing money from a national bank, A. delivered to it, as collateral security for the debt thereby created, the certificate of his shares of its capital stock. On his failure to pay at the stipulated time, the bank sold the stock at its full market value, and applied the entire proceeds to his credit. On the ground that sect. 5201 of the Revised Statutes prohibited a loan by the bank " on the security of the shares of its own capital stock," A. brought an action for the proceeds. *Held,* that he is not entitled to recover.

ERROR to the Circuit Court of the United States for the Southern District of Ohio.

The administrators of the estate of Daniel McMillan, deceased, brought an action against the First National Bank of Xenia, Ohio, a corporation formed under the National Bank Act of the United States, to recover the sum of $4,200, with interest. The complaint alleges that in October, 1876, the bank was in possession of thirty shares of its capital stock belonging to the deceased; that it then unlawfully converted them to its own use and sold them, receiving therefor the sum mentioned, which it refuses to account for or deliver to the plaintiffs, although a demand for it has been made.

The bank, in its answer, avers that in April, 1876, McMillan was owing to it a debt previously contracted, greater in amount than the value of the shares of capital stock; that it being necessary to secure the bank from loss, he delivered to it certificates of the shares with other property, as collateral security for the debt; that in October, 1876, the debt being unsatisfied and overdue, the bank sold the shares at their full market value and applied the proceeds as a credit upon it; and that after such application a large amount remained due to the bank which is still unpaid. The evidence produced at the trial tended to show that the shares were delivered by McMillan to the bank as collateral security for money loaned to him *at the time*, and were thus held until they were sold. The court charged the jury that if they found from the evidence that the stock was delivered by him to the bank as a pledge or collateral security for a present loan of money *made to him by the bank at the time of such delivery*, the plaintiffs were entitled to recover the amount of the proceeds, with interest from the time of sale; as the defendant was prohibited by the currency act from thus receiving its own stock. To this charge the defendant excepted. The plaintiffs recovered a verdict, and to review the judgment entered thereon this writ of error was brought.

The case was argued by *Mr. John Little* for the plaintiff in error, and by *Mr. Edgar M. Johnson* for the defendants in error.

MR. JUSTICE FIELD delivered the opinion of the court.

Section 5201 of the Revised Statutes declares that " no association shall make any loan or discount on the security of the shares of its own capital stock, nor be the purchaser or holder of any such shares, unless such security or purchase shall be necessary to prevent loss upon a debt previously contracted in good faith; and stock so purchased or acquired shall, within six months from the time of its purchase, be sold or disposed of at public or private sale; or, in default thereof, a receiver may be appointed to close up the business of the association."

While this section in terms prohibits a banking association from making a loan upon the security of shares of its own stock, it imposes no penalty, either upon the bank or borrower, if a-

loan upon such security be made. If, therefore, the prohibition can be urged against the validity of the transaction by any one except the government, it can only be done before the contract is executed, while the security is still subsisting in the hands of the bank. It can then, if at all, be invoked to restrain or defeat the enforcement of the security. When the contract has been executed, the security sold, and the proceeds applied to the payment of the debt, the courts will not interfere with the matter. Both bank and borrower are in such case equally the subjects of legal censure, and they will be left by the courts where they have placed themselves.

There is another view of this case. The deceased authorized the bank, in a certain contingency, to sell his shares. Supposing it was unlawful for the bank to take those shares as security for a loan, it was not unlawful to authorize the bank to sell them when the contingency occurred. The shares being sold pursuant to the authority, the proceeds would be in the bank as his property. The administrators, indeed, affirm the validity of that sale by suing for the proceeds. As against the deceased, however, the money loaned was an offset to the proceeds. In either view the administrators cannot recover.

The judgment of the court, therefore, must be reversed and the cause remanded for a new trial; and it is

*So ordered.*