Parker, J.
This action was tried before the court without a jury and resulted in a judgment for the defendant, the court finding as matter of fact: ,
*273 “That about the 1st of October, 1878, the plaintiff was indebted to the defendant in the sum of $4,500, for which sum the defendant held the note of plaintiff indorsed by one A. A. Harrington, the note coming due October 3,1886. This debt had been carried by the defendant, to accommodate plaintiff, for about two years, renewed by note from time to time until that date.
“That the plaintiff then owned sixty shares of the capital stock of the defendant—par value $100 per share— of somewhat doubtful value, but its salable value about forty to fifty cents on the dollar. Plaintiff, desiring to reduce his indebtedness to the bank, and to avoid asking for indorsers, proposed to transfer his stock to the defendant, in payment of said note so due to the bank. That it was finally transferred to the bank for $3,000, to apply upon said note in payment so far as it went. That the defendant, by resolution, accepted said stock, directed the scrip to be canceled, so entered it on the books, gave up to plaintiff the note so held by the bank and the plaintiff gave a new note for the balance of the debt after crediting the $3,000, the price of the stock, the last note being afterwards paid by plaintiff.”
With the essential parts of such finding we concur. The appellant urges that inasmuch as the plaintiff was not contradicted as to his version of the conversation had with the president of the defendant at the time the arrangement was made to turn over the stock, the contract should have been found to have been as testified to by him.
True there was no denial in terms of the conversation. Indeed the other party thereto being dead, and the plaintiff having conveniently located its occurrence at a time when no one else was present, an explicit contradiction in that respect was out of the question.
The acts of the parties, however, prior to at and subsequent to the turning over of the stock, not only furnished a sufficient contradiction of the plaintiff, but also justified and demanded the finding made as to what the agreement really was.
The appellant further insists that, assuming the agreement to have been as found by the court, it was, nevertheless, void, because prohibited by the banking law under which defendant was created, and the title to the stock, therefore, still remains in the plaintiff.
Section 5201 of the U. S. Revised Statutes is as follows: “No association shall make any loan or discount on the security of the shares of its own capital stock, nor be the purchaser or holder of any such shares, unless such security *274 or purchase shall be necessary to prevent loss upon a debt previously contracted m good faith.”
The trial court found as a fact that the purchase was necessary to make safe the payment of the debt, thus making the transaction such an one as is clearly permitted by the express provisions of the statute.
We prefer, however, not to follow the finding of the court in such respect, but instead to dispose of the question upon the ground that the contract having been executed before the commencement of the action, the statute cannot, be invoked by the plaintiff to declare the transaction invalid. In such case both bank and borrower are in pari delicto, and will be left by the courts where they have placed themselves. National Bank of Xenia v. Stewart„ 107 U. S., 676.
Judgment affirmed, with costs. .
Lardón, J., concurs; E7sh, J., not sitting.