## WATERBURY v. McKINNON.

(Circuit Court of Appeals, Ninth Circuit. June 18, 1906.)

### No. 1,297.

MORTGAGES—DEFENSE—FRAUD.

 That a lender of money, who was a resident of Montana, procured the note and mortgage securing the same to be executed in the name of plaintiff, who was a citizen of Canada, for the purpose of evading taxation to which the mortgage would have been subject if executed in the name of the lender, was no defense to a suit by plaintiff to foreclose the same.

 [Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, § 1211.]

Appeal from the Circuit Court of the United States for the District of Montana.

For opinion below, see 136 Fed. 489.

John A. Shelton, for appellant.

W. H. Trippet, John F. Forbis, and L. O. Evans, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This was an action for the foreclosure of a mortgage alleged by the complainant in the court below, appellee here, to have been given to secure the payment of a promissory note alleged to have been executed by the appellant to her. While the answer of the appellant denies that there was any consideration for the note and mortgage passing from the defendant to the complainant, and avers that the real party in interest and the person to whom the note was in fact executed, and who is now the owner there-

146 F.—47

of, is one A. C. McKinnon, who was, at the time of the execution of the note, and still is, a resident of the state of Montana—the complainant being a citizen of the Dominion of Canada—yet elsewhere in her answer the defendant to the suit in effect admits that the note and mortgages were executed by her to the complainant, for she expressly "alleges that the said A. C. McKinnon directed the said note and mortgage to be executed in the name of the said Rebecca McKinnon, a nonresident of the state of Montana, for the purpose of defrauding the revenues of the county of Deer Lodge and of the state of Montana; and, being so executed to the said Rebecca McKinnon, the said A. C. McKinnon has from the date of its execution avoided the payment of all taxes to the county of Deer Lodge and to the state of Montana upon said note and mortgage. She alleges that the name of the complainant, Rebecca McKinnon, was used in said note and mortgage solely for the purpose of enabling the said A. C. McKinnon so to defraud the revenues and escape taxation upon the note and mortgage, and that there has been no assessment upon the note and mortgage up to 1903." The prayer of the answer is that the note and mortgage be declared null and void. Certain exceptions filed by the complainant to the answer were sustained by the court below, which action is assigned for error on this appeal. The only matter so excepted to, which by the record can be identified, is the further and affirmative defense set up in the answer, to the effect that the consideration for the note and mortgage sued on, to wit, $5,500, was the property of A. C. McKinnon, in which the complainant had no interest, and was loaned to the defendant to the suit by McKinnon for his own benefit, but that he procured the note and mortgage to be executed by the defendant in the name of the complainant, who was a nonresident of the state of Montana, for the purpose of defrauding the revenues of the county of Deer Lodge, and the revenues of the state of Montana, and to escape taxation upon the note and mortgage, and thus defraud the collection of taxes thereon, by reason of which the said A. C. McKinnon has from that day until the present time avoided the payment of all taxes to the county of Deer Lodge and to the state of Montana, upon the note and mortgage in question. The answer itself shows that the appellant got $5,500 as a consideration for the execution of the note and mortgage to the complainant. There was not, therefore, any lack of consideration, as is argued for the appellant. By her note and mortgage she promised and agreed to repay the complainant the sum of money mentioned therein, with interest, etc., and pledged the property described in the mortgage as security therefor. That was her contract in writing made with the complainant, and the sole contract made between these parties. The fact pleaded by the appellant to the effect that the complainant lent herself to a fraud practiced by A. C. McKinnon upon the state of Montana and Deer Lodge county of that state, to defraud them out of taxes, while a gross fraud, and one properly punishable under the state statute upon the subject, is one collateral to the contract upon which this suit is brought, and cannot properly

be used as a basis upon which to sustain the appellant in the fraudulent retention of money which she borrowed and promised to repay.

Section 5136 of the Revised Statutes [U. S. Comp. St. 1901, p. 3455] impliedly forbids a national bank to loan money on real estate security, but a mortgage upon real estate given to a bank to secure a contemporaneous loan or future advances is valid between the parties, and may be enforced. Bank v. Matthews, 98 U. S. 621, 25 L. Ed. 188; Bank v. Whitney, 103 U. S. 99, 26 L. Ed. 443. Section 5201 [U. S. Comp. St. 1901, p. 3494] expressly prohibits a loan by a national bank upon a pledge of its own shares, but such pledge was enforced in Bank v. Stewart, 107 U. S. 676, 2 Sup. Ct. 778, 27 L. Ed. 592. Section 5200 of the Revised Statutes [U. S. Comp. St. 1901, p. 3494] forbids any bank to loan to one person or firm an amount in excess of one-tenth of its actual paid capital stock, but it is no defense to an action for the recovery of money loaned by a bank that the amount of the loan exceeded the limit prescribed by this section. Gold-Mining Company v. National Bank, 96 U. S. 640, 24 L. Ed. 648.

An indebtedness which a national bank incurs in the exercise of any of its authorized powers, and for which it has received and retains the consideration, is not void from the fact that the amount of the debt surpasses the limit prescribed by section 5202 of the Revised Statutes [U. S. Comp. St. 1901, p. 3494], or is even incurred in violation of the positive prohibition of the law in that regard. Weber v. Bank, 64 Fed. 208, 12 C. C. A. 93. See, also, numerous other cases cited by the court in Hanover National Bank v. First National Bank, 109 Fed. 421, 48 C. C. A. 482; Jones on Mortgages, §§ 618, 619; Jefferson v. Burhans, 85 Fed. 949, 29 C. C. A. 481; Crowns v. Forest Land Company (Wis.) 74 N. W. 546; Callicott v. Allen (Ind. App.) 67 N. E. 196. It is true that the cases of Drexler v. Tyrrell, 15 Nev. 114, and Sheldon v. Pruessner, 52 Kan. 579, 35 Pac. 201, 22 L. R. A. 709, are against the view here expressed, but we are of the opinion that those decisions are not sound.

We are unable to see that A. C. McKinnon is a necessary party to the present suit.

The judgment is affirmed.