## Priestman-Helmetag Company v. Wolf et al., Appellants.

Argued January 16, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Joseph Sharfsin,* with him *Jacob S. Richman* and *Maurice Stern,* for appellants.

*Samuel A. Goldberg,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

PER CURIAM, February 4, 1935:

Appellants were lessees of a small theater located at Nos. 28-30 Armat Street in the City of Philadelphia, under a lease the term of which was for one month, renewable from month to month. There was a provision for termination of the agreement by either party upon thirty days' notice. The required notice was given by lessor, but appellants refused to deliver possession of the premises. On June 21, 1934, the Priestman-Helmetag Company, agent for the owner, entered judgment in ejectment pursuant to a warrant of attorney contained in the lease. On the same day a writ of hab. fa. issued. On June 27, 1934, defendants filed a petition to open the judgment, averring, in addition to the above facts, that at the time of the execution of the instrument, "petitioners sought to obtain a lease for a term of five years, which proposal the plaintiff refused, being willing only to grant a lease from month to month." The petition then alleges that petitioners were unwilling to execute a month to month lease

but did so relying on the oral promise of plaintiff's authorized representative that the lease "would be renewed and would continue to be renewed until such time as the plaintiff, Priestman-Helmetag Co., contemplated the execution of a long-term lease with one other than the petitioners, or was about to execute such lease," and that in such event, "petitioners would have the option, privilege and prior right to execute a similar lease upon the same terms and conditions," and that the month to month agreement would not be terminated so as to cause petitioners to vacate the premises unless they were unwilling to execute a long-term lease; that, relying on the oral promise, petitioners made repairs and improvements to the premises, installed a sound system for motion pictures, and executed contracts to obtain films for the exhibition of motion pictures. Petitioners further aver they are informed and believe that lessors are about to make a long-term lease with a third party, and assert their willingness to execute a lease upon the terms and conditions contemplated with such new lessee. Lessor filed an answer in the nature of a demurrer, which the court below sustained. Upon discharge of the rule to open judgment, petitioners appealed.

Appellants by their petition seek to modify the terms of the written lease by means of a contemporaneous parol agreement, without averring the oral agreement was omitted from the provisions of the written instrument by fraud, accident or mistake. We have consistently held that a defense of this character cannot be set up to defeat the terms of a written contract: Gianni v. Russell, 281 Pa. 320; Title Holding Co. v. Black, 306 Pa. 352; see also Richards v. Integrity Trust Co., 317 Pa. 513.

In argument before this court counsel for appellants referred to the oral agreement as a subsequent parol modification of the written lease, using this nomenclature apparently for the purpose of circumventing the effect of the parol evidence rule. The petition, however, does

not bear out this suggestion and no such question was considered by the court below. The lease specifically provides that either party may terminate the contract upon thirty days' notice. Nothing to contradict this provision is properly before us for consideration.

The order is affirmed.