Richards, Appellant, *v.* Integrity Trust Company.

514

Argued January 16, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Alexander Love,* of *Ladner & Ladner,* for appellant.

*Samuel A. Goldberg,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, February 4, 1935:

Appellant's action of assumpsit against defendant trust company is to recover the difference between the value of 420 shares of the capital stock of defendant company, pledged as security for a loan, and the amount of the loan itself, which was in the sum of $24,047.09. The value of the stock was estimated as of the date it was pledged and on that basis was alleged to exceed the loan

by more than thirteen thousand dollars, although its actual market value at the time of trial was approximately $1,260. The theory on which the claim was made is, that plaintiff is entitled to recover by virtue of an oral agreement, made with him by an officer of defendant company at the time the latter took possession of the collateral, to the effect that the company would sell the shares within a reasonable time and use the proceeds to pay the amount of the loan. It is averred that defendant "continued to hold said stock and neglected or refused to sell the same, all because it did not want to depress the market price of its own stock." Plaintiff's statement further alleges that previous to the time of this agreement, the 420 shares of stock were held by the Bankers Trust Company as collateral security for the payment of a loan of $24,000 made to plaintiff; that on March 9, 1931, demand was made on plaintiff for payment of the loan, and that plaintiff then called at defendant bank and requested its officer to sell his stock at the then prevailing market price, pay off the Bankers Trust Company loan, together with accrued interest, and deposit the balance in plaintiff's account in defendant bank. It is averred that the agreement on which this suit was brought was then made at the suggestion of defendant's officer, who stated to plaintiff that the bank would prefer not to sell his stock for him at that time, but would advance for him the amount necessary to pay off his loan, and would sell the stock within a reasonable time thereafter, "to which offer plaintiff agreed provided he would suffer no loss by permitting defendant to temporarily delay the sale of said stock, to which condition defendant agreed."

The affidavit of defense denied the agreement to sell the shares and averred, on the contrary, that plaintiff asserted at the time the loan was made that he did not want the stock sold. Defendant set up a counterclaim for the amount of the loan, i. e., $24,000, together with interest thereon, attaching a copy of plaintiff's demand promissory note and an escrow agreement by the terms

of which the shares of stock were delivered to defendant as security for the note, plaintiff assigning all his right, title and interest therein and authorizing defendant to sell without notice a sufficient number of shares to pay off the note, upon default in payment of the principal of the loan or interest thereon.

Plaintiff replied to the counterclaim admitting execution of the note but averring it was signed "upon a contemporaneous oral agreement . . . that plaintiff would never be called upon to pay the same but that same was only to be paid out of the particular fund, viz.: the proceeds from the sale of the stock. . . ." The court below granted a rule upon plaintiff for judgment for want of a sufficient reply to defendant's counterclaim, and after argument thereon, judgment was entered for defendant with damages assessed at $25,705. Plaintiff appeals.

We find no error in the action of the lower court. The facts disclosed by this record indicate that appellant's case is merely another of the many attempts which have been made in arguments before us to permit a written contract to be modified or contradicted by an alleged oral agreement made contemporaneously with the written instrument. This, we have uniformly held, cannot be done in the absence of an averment of fraud, accident or mistake: Gianni v. Russell, 281 Pa. 320; Speier v. Michelson, 303 Pa. 66; Title Holding Co. v. Black, 306 Pa. 352; Tomlinson v. Wilson, 310 Pa. 41.

On a rule for judgment for want of a sufficient reply to a counterclaim set up in an affidavit of defense, all averments of fact contained in plaintiff's statement of claim and reply to the counterclaim must be taken as admitted. This does not mean that, in the case before us, the agreement alleged in plaintiff's statement must be assumed as valid and binding, but merely requires us to recognize that such an agreement, even if made, would not be available as a defense to a suit on the note in question, since, under the operation of the parol evidence rule, its exist-

ence could not be shown: Architectural Tile Co. v. Mc-Sorley, 311 Pa. 299.

Appellant also contends the court below erred in permitting the bank to recover on the note for the reason that section 1011 of the Banking Act of 1933, P. L. 624, expressly prohibits a trust company from making a loan secured by shares of its own capital stock. The argument is advanced that such an agreement is illegal and void and can confer no rights on the parties. This reasoning cannot be supported. The act in question makes no provision for penalties of any kind for violations of this section, either as regards the trust company or the intended borrower. The escrow agreement is not void but merely voidable, and the act can only be invoked against the transaction by the State or by the borrower to restrain or defeat the enforcement of the security, and by the latter only before the contract is executed and while the security is still subsisting in the hands of the bank. See discussion of this principle as applied to a similar statute pertaining to national banks in National Bank of Xenia v. Stewart, 107 U. S. 676. See also Nat. Bank v. Matthews, 98 U. S. 621.

The present case is similar in several respects to Jackman v. Continental Nat. Bank, 16 Fed. (2d) 728, in which the relevant principles are discussed and many cases cited. The circuit court of appeals for the eighth circuit there reached the conclusion that the defendant bank could recover on a counterclaim the amount due on a note executed by plaintiff where, as part of the transaction, the bank took shares of its own stock under an agreement to attempt to sell the stock at a certain price and apply the proceeds to payment of the note. It was held that this arrangement in no wise impaired the validity of the note as a subsisting obligation.

Appellant contends the court below has assisted the bank to recover on an agreement which is illegal and void. As already pointed out, the agreement is not void but voidable, and its validity cannot be attacked by the bor-

rower who has received the benefit of the transaction. This is not an attempt to realize upon the stock which was pledged as security for the note. Those shares have not been sold, nor is there any threat to sell at present.

Moreover, even if the escrow agreement was violative of the statute, this fact would not permit plaintiff to show the alleged parol agreement on which he relies. As stated by the court below: "That agreement [the escrow agreement] may be invalid and unenforceable, yet none the less it is the agreement the parties admittedly made. The fact that it is invalid would not throw the door open for proof of a contemporaneous parol agreement to vary it."

The judgment is affirmed.