## First National Bank of Scranton, Appellant, *v.* Payne.

Argued April 10, 1944. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Hughes, JJ.

*Joseph P. Flanagan,* with him *M. J. Martin,* for appellant.

*R. Lawrence Coughlin,* for appellee.

Opinion by Mr. Justice Linn, May 22, 1944:

The plaintiff bank sued the defendant, Payne, on two non-negotiable notes made and delivered by a corporation called Bruce Payne Co. Inc. to Ralph W. Rymer, the payee of the notes.

The statement avers that nearly all the capital stock of the corporation was owned by the defendant Payne and by Messrs. Buchanan, Bell, Crossman and Rymer,

all of whom were officers or directors or both. The financial condition of the corporation was such that by agreement acknowledged August 4, 1933, made by Messrs. Buchanan, Bell, Crossman and Rymer of the first part, the corporation of the second part, and defendant Payne of the third part, Buchanan, Bell, Crossman and Rymer sold their shareholdings to the corporation for specified sums payable partly in cash and partly by the notes of the corporation, the notes to be secured in each case by the number of shares of the corporation purchased by it from the respective sellers. The agreement contained a number of other provisions which need not now be mentioned, except that it provided that the notes of the corporation to be given in payment of the stock were ". . . subject and subordinate to the liability set forth" in the statement of debts attached to the contract. The agreement contained no provision that defendant Payne should endorse the notes of the corporation. The notes on which the suit is brought specify that they were given in accordance with the agreement of the 4th of August and the terms of a certain letter to Ralph W. Rymer, the payee, accompanying the delivery of the corporation's shares "as collateral for the payment of the two notes . . ."

Payne is described in the statement of claim as "endorser and guarantor" and it is alleged that he, "having endorsed said notes and having guaranteed their payment . . . became liable for the payment of said notes at maturity." Plaintiff avers that it "became and is by endorsement, purchase, and assignment from said Ralph W. Rymer, the owner and holder" of the notes. A statutory demurrer was interposed setting forth (1) that defendant was not liable "in the absence of a promise in writing to pay the debt of the maker" and (2) that the oral promise not having been made to plaintiff suit was not brought by the proper party.

The learned court entered judgment for the defendant on the ground, as we understand its opinion, that

"Payne's endorsements on the notes do not constitute written memoranda of the agreement of guaranty as to avoid the statute" of frauds: Act of April 26, 1855, P. L. 308, section 1, 33 PS section 3. The conclusion would be correct if there had been nothing more in the case than the notes and the endorsements of the defendant, Payne, but plaintiff's averments go further. The statement alleges that after the terms of the contract of August 4, 1933, had been agreed upon, Rymer and other sellers "demanded additional security for the payment of the [corporation's] notes . . . and for the performance of all the terms and conditions of said agreement . . . and refused to complete the execution of said agreement and deliver the same . . . until and unless the said Bruce Payne . . . would personally endorse and guarantee payment of said notes . . . and would further guarantee performance of all the terms and conditions of said agreement, Exhibit A, to be done and performed as provided therein by the second and third parties thereto." The statement continues that upon the refusal of the plaintiff and other parties "to complete said agreement" defendant "as an inducement to the said . . . Ralph W. Rymer, to complete said agreement and deliver the same as their contract, and for the considerations moving to him under said agreement, orally agreed to and with the said . . . Ralph W. Rymer, that if they completed the execution of said agreement, he, the said Bruce Payne, would personally endorse and guarantee payment of said notes . . . the performance of all the terms of said agreement : . ." In short, it is alleged that Ralph W. Rymer and the other parties of the first part, ". . . induced by said oral promises and agreement of the said Bruce Payne to endorse said notes and guarantee the payment thereof . . ." executed and delivered the agreement, and performed by selling their shares to the corporation.

We need not decide that the allegations are sufficient, in connection with defendant's endorsement, to

constitute an averment of a parol contract within the rule applied in cases like *Kampman v. Pittsburgh Con. & Eng. Co.,* 316 Pa. 502, 175 A. 396; *Corcoran v. Huey,* 231 Pa. 441, 80 A. 881; *Kirby v. Kirby,* 248 Pa. 117, 93 A. 874. If we assume, for present purposes, that plaintiff's averments pass the barrier of the statute of frauds, the parol evidence rule will be in the way of recovery.

To prove defendant's obligation, it would of course be necessary to put in evidence the notes and the contract of August 4, 1933, and the oral evidence relied on to prove the suretyship. That contract, with the exhibits, covers many features of the negotiations of the parties, presumably all matters in dispute. Where an examination of a written contract shows that the agreement is apparently complete without any uncertainty as to the object or the extent of the engagement, it will be conclusively presumed that the parties have put their whole engagement in writing and that, unless fraud, accident or mistake are averred, the contract will be so treated and parol evidence to add to or subtract from it will not be received: *Gianni v. Russell,* 281 Pa. 320, 126 A. 791; *Penna. Co. v. Lebanon B. & L. Ass'n,* 337 Pa. 316, 10 A.2d 418; *Sukonik v. Shapiro,* 333 Pa. 289, 5 A.2d 108. The agreement of August 4, 1933, specifically dealt with the subject of collateral security and there is no suggestion that defendant should become surety for the payment of the notes. The statement of claim is therefore fatally defective: compare *Mason-Heflin Coal Co. v. Currie,* 270 Pa. 221, 223 et seq., 113 A. 202. On this ground we affirm the judgment. Having concluded that no cause of action is stated, it is unnecessary to deal with the proposed amendment in the name of the plaintiff.

Judgment affirmed.