375 So.2d 338 (1979)
PAN AMERICAN BANK OF TAMPA, N.A., Appellant,
v.
Eve R. SULLIVAN, Appellee.
No. 78-223.
District Court of Appeal of Florida, Fourth District.
September 12, 1979.
Rehearing Denied October 23, 1979.
*339 E. Clay Shaw, Jr. of Huebner & Shaw, P.A., Fort Lauderdale, and Nancy Little Hoffmann, Fort Lauderdale, for appellant.
Robert W. Stern, Miami, for appellee.
BERANEK, Judge.
This case involves a suit on a note by appellant/bank against appellee/defendant, who was an accommodation endorser on the note. Both plaintiff and defendant filed motions for summary judgment. The supporting affidavit filed by the bank showed that the note had been endorsed by defendant and that it remained unpaid. Although confusing, the defendant's pleadings attempt to raise 12 U.S.C. Section 83 as a defense to the enforcement of the note. It was basically defendant's theory that the note was unenforceable due to federal law and the principles of equitable estoppel and the further defense of lack of consideration.
The trial court eventually entered summary judgment against the bank finding valid the defense of equitable estoppel based on 12 U.S.C. Section 83 and the defense of lack of consideration. We reverse.
The defenses were legally inappropriate and should not have been considered as proper bars to plaintiff's claim. It was appellee's contention the original loan was illegal under 12 U.S.C. Section 83 because the loan proceeds were used to purchase bank stock which the bank took back as collateral for the loan. Although the appellee/defendant was not involved in the original loan transaction she was a later accommodation endorser on a subsequent renewed loan. Appellee urges that since the loan was illegal under federal law, the bank should be equitably estopped from enforcing it.
In sustaining this defense the trial court relied upon F.D.I.C. v. Meo, 505 F.2d 790 (9th Cir.1974). We find this to be inappropriate because the alleged illegality of a loan under 12 U.S.C. Section 83 in the circumstances of this case may not be asserted by the debtor/defendant as a defense to the collection of a note which is otherwise regular on its face.
In Thompson v. St. Nicholas National Bank, 146 U.S. 240, 13 S.Ct. 66, 36 L.Ed. 956 (1892), the Supreme Court of the United States stated as follows:
Moreover, it has been held repeatedly by this court that where the provisions of the national banking act prohibit certain acts by banks or their officers, without imposing any penalty or forfeiture applicable to particular transactions which have been executed, their validity can be questioned only by the United States and not by private parties. Supra at page 251, 13 S.Ct. at page 69.
Under the circumstances of this case, defendant could not defend the bank's suit by asserting illegality of the note under the Federal Banking Law and resulting equitable estoppel. Also see First National Bank of Xenia, Ohio v. Stewart, 107 U.S. 676, 2 S.Ct. 778, 27 L.Ed. 592 (1883), and Dorsey v. Reconstruction Finance Corp., 197 F.2d 468 (7th Cir.1952).
As to failure of consideration, it does not appear this defense was adequately raised by the pleadings. Nevertheless, the trial court apparently dealt with it and this defense is asserted before this Court on appeal. Appellee argues she is not liable on the note because she signed only as an accommodation endorser and did not receive direct consideration. The Uniform Commercial Code is to the contrary. The original consideration on an instrument will support the obligation of a person who subsequently becomes a signer thereof. See Section 673.415 Florida Statutes (1977) and official comments thereto and Ebeling v. Lowry, 203 So.2d 506 (Fla. 4th DCA 1967), and Fannin v. Fritter, 127 Fla. 97, 172 So. 691 (1937).
*340 We thus hold that the trial court erred in relying on 12 U.S.C. Section 83 and the theories of equitable estoppel and lack of consideration as defenses. Summary judgment for the defendant is reversed and the matter is remanded with directions to enter summary judgment for the plaintiff.
Reversed and remanded with directions.
ANSTEAD, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.