DAVID JACOBS and MORRIS JACOBS, Appellants, *v.* MEIER STEINBRINK, as Substituted Trustee under the Last Will and Testament of YETTA JACOBS, Deceased, and Others, Respondents.

Second Department, October 2, 1914.

Real property — when life tenant not entitled to reimbursement from trust estate for repairs and alterations made.

Life tenants who alter and repair premises to meet a change of grade made during their possession, are not entitled to reimbursement from the trust estate for the costs of said alterations and repairs.

APPEAL by the plaintiffs, David Jacobs and another, from a judgment of the Supreme Court in favor of the defendants,

entered in the office of the clerk of the county of Kings on the 5th day of February, 1914, upon the decision of the court after a trial before the court at the Kings County Trial Term, a jury having been waived.

*Mitchell May*, for the appellants.

*Jacob M. Peyser* [*Mortimer Brenner* with him on the brief], for the respondents.

Judgment affirmed, with costs, on the opinion of Mr. Justice CLARK at Special Term.

JENKS, P. J., BURR, THOMAS, CARR and RICH, JJ., concurred.

The following is the opinion of Mr. Justice LESTER W. CLARK:

CLARK, J.:

The plaintiffs are the owners of one-quarter and as *cestuis que trust* are in receipt of the income of the remaining three-quarters of certain premises in Brooklyn. They allege by their complaint: " *Tenth*. That the plaintiffs herein were compelled to and did restore the aforesaid premises to a proper tenantable and usable condition, and expended for that purpose the sum of $2,890. That said sum was expended through no fault of the plaintiffs herein." In their prayer for relief they demand judgment against the substituted trustee for $2,890; also that the judgment be declared a lien against the premises, and further that the interests of the infant defendants (remaindermen) be adjudged to be subordinate to the interests of the plaintiffs.

The general rule that the life tenant must bear the expense of repairs and improvements is unquestionable. There is no duty on him to add any value to the property and, ordinarily, when he does make improvements he cannot charge against the succeeding owner any portion of their cost or value. (*Matter of Deckelmann*, 84 Hun, 476; Reeves Real Prop. 775; Tiffany Real Prop. 74.)

Equally well recognized are a few exceptions to these general rules. The life tenant *may* complete improvements begun by the donor and demand compensation therefor. (Tiffany, *supra*.)

The corpus or principal of the trust estate is chargeable with expenses or improvements made necessary by municipal regulations and where the property was in an unproductive and untenantable condition when it came into the hands of the trustees. (39 Cyc. 337. See *Parsons* v. *Winslow*, 16 Mass. 361.) Clearly the plaintiffs have not brought their action within any of the above exceptions.

The plaintiffs cite only and apparently rely upon *Stevens* v. *Melcher* (152 N. Y. 551) and *Matter of Parr* (45 Misc. Rep. 564; affd., without op., 113 App. Div. 921). The case of *Stevens* v. *Melcher* adds another natural and necessary exception to those above stated. Where the property is so incumbered by liens that the fixed charges exceed the income, thereby threatening the loss of the corpus of the trust estate, equity may afford relief. In such a case the *cestui* with a life interest only may be reimbursed for improvements. In *Matter of Parr* (*supra*) the real property of the trust estate had been leased prior to the death of the testatrix for the business of cold storage. The tenant under this lease had been permitted by the testatrix to make structural alterations in the building. Upon the expiration of the lease the trustees in the exercise of their discretion restored the premises to their original condition. Upon the judicial settlement of the trustees' accounts these expenditures, it was held, should not be charged against the principal of the estate. It is said in the opinion that the repairs were made primarily for the benefit of the person entitled to the income and were of immediate and would, therefore, be continuous benefit to them. It is remarked that the property did not come to the trustees in an untenantable condition (referring to one of the rules stated above). That decision can hardly be cited in favor of the plaintiffs' contention, even if it be not decisive against them. The special equities which were considered in *Stevens* v. *Melcher* in favor of a *cestui que trust* who has made improvements do not exist in favor of the plaintiffs in the case at bar. The complaint is dismissed.