# MARCUS F. DAY AND OTHERS v. HELEN MILLS DAY.[1]

April 17, 1930.

No. 27,662.

[1]Reported in 230 N. W. 634.

*Paul C. Cooper,* for appellants.

*S. B. Wilson, Jr.* for respondent.

Taylor, C.

Action in ejectment tried to the court without a jury. Plaintiffs appeal from an order denying their motion for a new trial.

Lucia A. Day died in November, 1909, the owner in fee of an unplatted tract of four of five acres in the city of Fairmont in the county of Martin which she and her husband, Frank A. Day, had occupied as their homestead. By decree of the probate court this land was assigned to her husband, Frank A. Day, during the term of his natural life with remainder in fee to their four children, the plaintiffs in this action. In March, 1912, Frank A. Day married the defendant, and they lived upon the premises most of the time until his death on December 27, 1928. At the death of Frank A. Day on December 27, 1928, the plaintiffs became the owners in fee of the property and entitled to the immediate possession of it. Defendant refused to surrender possession, and this action followed.

Defendant interposed an answer in which she admitted that title in fee to the property had vested in plaintiffs but alleged that after her marriage to the life tenant, Frank A. Day, she had made permanent improvements on the property out of her own funds and that to reimburse her therefor the following agreement had been executed and delivered to her:

"This agreement, made this .... day of August, 1917, by and between Frank A. Day, Juanita H. Day, Constance M. Day Tawney, Marcus F. Day and Horace G. Day, parties of the first part, and Helen Mills Day, party of the second part.

"Witnesseth, that Whereas the said Frank A. Day is the owner of a life estate in the property hereinafter described, and the other parties of the first part are the owners of said land subject to said

life estate, all by inheritance from Lucia A. Day, the deceased wife of Frank A. Day; and whereas the said party of the second part is the present wife of the said Frank A. Day; and whereas the said second party has made quite substantial improvements on said land, consisting principally of the erection of a cottage near the southwest corner of said tract of land, and the enlargement, improvements and repairs to the dwelling house on said land.

"For a valuable consideration passing from one party to another, the receipt of which is hereby acknowledged.

"It is agreed that the value of such improvements made by the party of the second part on said land is twenty five hundred dollars and that when and if said land shall be sold by first parties, or the said children of Frank A. Day come into possession of said land, that the first parties will at the time of such sale, or at the coming into possession of said children, pay to the said party of the second part the sum of twenty five hundred dollars as and for said improvements.

"It is further agreed, that said second party has permission to remove from said land at any time the said cottage which now stands near the southwest corner of said tract of land."

Following the part quoted is a description of the property by metes and bounds. The instrument bears the following signatures: Marcus F. Day, Horace W. Day, Juanita H. Day, and Frank A. Day.

Defendant never had any conversation or communication with her husband's children in respect to the making of these improvements or the matter of being reimbursed therefor. Frank A. Day presented the agreement to Marcus, Horace and Juanita separately and they signed it. It was sent to Constance Day Tawney but she refused to sign it. Each of the children who signed states that no one was present when it was signed except their father and the signer. They claim that it was signed on the condition that it should not be delivered unless signed by all four of the children; but their father having died their testimony as to conversations with him offered in support of this claim was inadmissible. The agreement was delivered to defendant by her husband without the

knowledge of the children. The court found that the agreement had been executed and delivered to defendant by the obligors who had signed it, and the court could so find in the absence of any competent evidence that it was not to be delivered until signed by the other obligor named therein. Naylor v. Stene, 96 Minn. 57, 104 N. W. 685; Wilkes v. Holmes, 128 Minn. 349, 150 N. W. 1098.

Neither the making of the improvements nor the agreement to reimburse her therefor gave defendant any right to retain possession of the property, and the answer stated no defense to the action for possession. Williams v. Murphy, 21 Minn. 534; Freeman v. Brewster, 70 Minn. 203, 72 N. W. 1068; Berndt v. Berndt, 127 Minn. 238, 149 N. W. 287. The facts alleged therein did not relate to the right of possession and could not properly be interposed as a counterclaim in an action of ejectment. But plaintiffs failed to demur thereto.

"The only way a plaintiff may object that a cause of action pleaded as a counterclaim is not the proper subject of counterclaim in the particular action is by demurrer. If he fails to demur he waives the objection and the counterclaim must be tried as if proper." 5 Dunnell, Minn. Dig. (2 ed.) § 7619.

The cases there cited fully sustain the rule stated. Consequently the counterclaim must be considered and the rights asserted thereunder determined, although it constitutes no defense to the action for possession. The trial court held in effect that it constituted no defense to plaintiffs' action, for the court found that plaintiffs were entitled to the possession of the property and directed that judgment be entered for the recovery of possession.

Frank A. Day was in the exclusive possession of the property as tenant for life and had the exclusive right to make improvements thereon; but neither the life tenant nor anyone whose authority was derived from him could create any encumbrance upon the interest of the remaindermen in the property by making improvements or otherwise. The owners of the remainder were under no obligation to make compensation for improvements made during the life tenancy, unless authorized by them, and had no right to

object to or interfere with the making of such improvements. Whether the improvements were made with or without their knowledge is immaterial, for if they saw them being made they had no right to interfere and had the right to assume that they were being made by the life tenant or under his authority. Smalley v. Isaacson, 40 Minn. 450, 42 N. W. 352; Nordlund v. Dahlgren, 130 Minn. 462, 153 N. W. 876, Ann. Cas. 1917B, 941; Ashbaugh v. Wright, 152 Minn. 57, 188 N. W. 157; Rendahl v. Hall, 160 Minn. 502, 506, 200 N. W. 744, 940; 16 Am. & Eng. Enc. Law (2 ed.) 117; 17 R. C. L. 635; 23 R. C. L. 567; 21 C. J. 953; Porter v. Osmun, 135 Mich. 361, 97 N. W. 756, 98 N. W. 859, 3 Ann. Cas. 687, and note at 689; Missouri Cent. B. & L. Assn. v. Eveler, 237 Mo. 679, 141 S. W. 877, Ann. Cas. 1913A, 486, and note at 489.

The written agreement here in question goes no further than to create a personal obligation on the part of those who executed it. It does not create nor purport to create a lien on the property and furnishes no basis for decreeing a lien thereon.

It is a long settled general rule that improvements made on real estate by a life tenant become a part thereof and pass therewith to the remaindermen. 16 Am. & Eng. Enc. Law (2 ed.) 117. It necessarily follows that the cottage erected by defendant became a part of the real estate and passed to plaintiffs as a part thereof. It appears, and the court found, that there is a valid mortgage upon the property. The court directed the entry of a judgment giving defendant the right to remove the cottage, "subject to the rights of the" mortgagee "under its mortgage." As the mortgagee has the right to have the cottage remain as a part of the property, the effect to be given to such a judgment is not clear. This is not important however, for we are unable to sustain defendant's claim of a right to remove the cottage. That claim rests wholly upon the written agreement. But that agreement is not binding upon and in no way impairs or affects the rights of the daughter who refused to become a party to it. Krost v. Moyer, 166 Minn. 153, 207 N. W. 311; 17 Am. & Eng. Enc. Law (2 ed.) 672; 38 Cyc. 101. As to her the cottage is a part of the real estate, and she has the right

to have it remain as such. This is a right which could not be taken away by an agreement to which she did not consent. Consequently it was beyond the power of the other remaindermen to give defendant the right to remove the cottage after it had become the absolute property of the remaindermen.

Defendant's claim to be reimbursed for her expenditures rests wholly upon the written promise, and we are confronted with the question whether there was any consideration for that promise. Defendant states that she did not intend her expenditures to be gratuitous and expected to be reimbursed therefor at least in part; but also states that she never had any conversation or communication with the plaintiffs in respect to the making of the improvements or the matter of being reimbursed for the expense incurred. She made the improvements for the benefit of herself and her husband. They enhanced the value of the property as it passed to plaintiffs, but plaintiffs were under no legal obligation to make compensation therefor. Whether the fact that a person receives a pecuniary benefit from expenditures previously made by another which he is not and never was under any legal obligation to repay constitutes a sufficient consideration to sustain a subsequent promise to pay therefor is the question here presented. The Chief Justice took no part in this case. The other members of the court are in accord upon all the questions presented except the question just stated. Upon that question the other members of the court are equally divided. Consequently the decision of the trial court to the effect that the promise was valid and binding upon the three plaintiffs who made it will stand.

The trial court will modify its conclusions of law and order for judgment by eliminating therefrom the provision to the effect that the personal judgment awarded defendant be decreed to be an equitable lien on the interest of the judgment debtors in the property and that it be foreclosed; and also by eliminating therefrom the provision to the effect that defendant be decreed to have the right to remove from the property the cottage erected by her thereon. When the conclusions of law and order for judgment have been so modified the order appealed from will stand affirmed.

WILSON, C. J. took no part.