MARGARET F. SNOW, et al., v. CASSIE ETHEL ARNOLD.

181 So. 7.

Opinion Filed April 14, 1938.

E. B. Drumright, W. E. Thompson and Whitaker Brothers, for Appellant;

W. B. Dickenson, for Appellee.

PER CURIAM.—This appeal is from a final decree requiring the remaindermen in fee to pay to the widow of the life tenant amounts for a mortgage lien and for taxes on the property which the court finds were paid by the life tenant, but should have been paid by the remaindermen

who are the heirs of the testatrix. An accounting is sought with lien by subrogation of plaintiff to the right of the paid mortgage and appropriate decree against the several remaindermen.

In this suit begun March 26, 1934, the decree contains findings: that on February 7, 1918, Samintha Campbell owned the fee simple title to the described property known as "Tibbett's Corner" in the City of Tampa, Florida; that on such date she mortgaged the property for $7,500.00, to be paid at the rate of $108.75 per month for ninety-six months; that said Samintha Campbell died June 25, 1919, and by her will, probated June 28, 1919, devised to Campbell Elmore Arnold, her grandson, a life estate in said property; that he immediately took possession of the property and retained possession until his death, May 11, 1928; that he paid the mortgage notes to the total amount of $6,666.00; that the widow of the life tenant, his sole heir at law, should be credited with stated amounts paid by the life tenant for taxes for the part of the year 1919 before the life tenant took possession of the property and should be debited for the part of year 1928 before the death of the life tenant which had been paid by the remaindermen, the heirs of the testatrix.

The decree in effect also finds that on June 20, 1928, the heirs at law of Samintha Campbell claiming as remaindermen, brought suit to secure an adjudication of their interests in the property, and to recover the property from the widow of the life tenant, such widow claiming the fee simple estate as the sole heir of her deceased husband, she insisting that her husband had a fee simple estate under the will of his grandmother, Samintha Campbell; that the decree of the Circuit Court affirmed by the appellate court, adjudged that such grandson of the testator had only a life estate in the property under the will and that the fee

simple title was in the heirs of the testatrix and not in the heirs of the life tenant, Arnold v. Wells, 100 Fla. 1470, 131 So. 400, the mandate of the Supreme Court being filed in the lower court on February 6, 1931; that the widow is entitled to receive interest on $6,666.00, the amount paid by the life tenant on the mortgage indebtedness, such interest running from February 6, 1931, when the former suit was determined, amounting to $3,333.00, and $43.20 costs of court, making a total of $10,042.20 less $116.53 adjustment of taxes paid by the remaindermen as heirs of the testatrix, for the part of the year 1928 before the death of the life tenant, leaving $9,925.67 due the widow plaintiff below.

The remaindermen successfully litigated their claim to the fee simple title to the property after the death of the life tenant; but it cannot be said the widow of the life tenant had no reasonable expectation of succeeding in her claim that her husband had the fee simple title by virtue of the language of the devise to him and of her right as his sole heir. The issue was adjudicated by this Court in favor of the remaindermen, and the widow of the life tenant surrendered the possession of the property to the remaindermen under the mandate of this Court issued in Arnold v. Wells, 100 Fla. 1470, 131 So. 400.

Apparently the remaindermen did not in that suit assert any claim for damages or losses resulting from the failure of the widow of the life tenant to surrender the property upon the death of the life tenant; and the widow of the life tenant asserted no claim for the payments made by the life tenant on the mortgage lien on the property or for taxes he paid on the property from January 1 to the date in 1919 when he took possession as life tenant. The issue was the ownership of the fee simple title to the land under the will, after the death of the life tenant. There was no

438

waiver, estoppel, election or *laches* to bar the widow when she later, March 26, 1934, sought an adjudication of her claim for an adjustment of the mortgage and tax payments made by the life tenant on the property which this Court held to belong to the remaindermen in fee after the death of the life tenant.

Set-off claims presented by the remaindermen, in this suit by the widow to recover mortgage and tax payments made by the life tenant on the property, are not directly connected with the rights adjudicated in the former suit of the remaindermen against the widow of the life tenant; and being of a more remote or collateral nature, the findings of the Chancellor on the merits in disallowing such asserted set-off claims, have substantial support in the evidence and should not be disturbed.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.