57 So.2d 838 (1952)
NATIONAL TURPENTINE & PULPWOOD CORP. et al.
v.
MILLS et ux.
Supreme Court of Florida, Division B.
March 28, 1952.
*839 Scruggs, Carmichael, Bates & Lowry, Gainesville, for appellants.
Cooksey & Pruitt, Monticello, for appellees.
MATHEWS, Justice.
This case involves the construction of a deed with particular reference to the application of the Rule in Shelley's case. The deed involved was from G.C. Mills and Ada Ruth Mills, his wife, to George Y. Mills (Sr.). The deed contained the following clause: "Witnesseth: That the said party of the first part for and in consideration of the love and affection which I have for my son and the further sum of One Dollar, to them in hand paid, the receipt whereof is hereby acknowledged, have bargained, sold and conveyed, and by these presents does bargain, sell and convey, unto the said party of the second part, during the term of his natural life, and at the death of the said George Y. Mills, the said party of the second part, title to invest in his heirs in fee simple, share and share alike, all of those certain parcels and tracts of lands, situate, lying and being in the County of Jefferson and State of Florida, and more particularly described, to-wit:" Then follows description of the land which it is not necessary to repeat here. And after the description came the following clause: "To have and to hold the same for the term of his natural life and at his death, the title to and the property above described to invest in fee simple forever."
The court found that George Y. Mills, Jr., was the only child of George Y. Mills, Sr. and his wife, Mabel Mills, and then found as follows:
"8. That in the event of the death of the said George Y. Mills, Sr., without other issue, the said Mabel Mills and George Y. Mills, Jr. would be his heirs at law, and no other persons or person would be entitled to participate in his estate under the laws of descent and distribution now in effect in the State of Florida.
"9. That this deed was given and recorded prior to the enactment of F.S.A. 689.17, and that statute is therefore inapplicable to this suit.
"10. That at the time said deed was given the axiom of law, commonly known as the Rule in Shelley's case, was in force and effect in the State of Florida and that this deed ____, is covered by said case.
"Thereupon, it is ordered and decreed that the said George Y. Mills, Sr., admittedly the grantee designated in said deed and one of the Plaintiffs herein, received a fee simple title to the property described in said deed and any deed given by him, joined in by his wife, if any, attempting to convey a fee simple estate, would convey the fee simple title to said property if properly executed without the joinder of any other party or person who may later be his heir and any appropriate conveyance by him of the fee simple title would place the fee simple title to said property in his grantee by ordinary warranty deed provided his wife, if any, at that time joined in said conveyance for the purpose of releasing and relinquishing her dower rights under the Laws of descent and distribution and the Constitution of the State of Florida."
The court below was correct in his construction of the deed in question. In Redfearn's, 2nd Edition, Wills and Administration of Estates in Florida, on pages 264 and 265, Section 166, the author states: "This rule is to the effect that, whenever a freehold estate is granted or devised to a person for life with remainder, either mediately or immediately, to his heirs or the heirs of his body, the word `heirs' is a word of limitation and not of purchase. Such a limitation of an estate was valid if the remainder was limited to some person other than the heirs of the first taker, but, when the remainder was limited to the heirs of the first taker, a fee simple vested in him; when the remainder was limited to the heirs of his body, a fee tail vested in him. For illustration, under the Rule in Shelley's case, if an estate were conveyed to `A' for life with remainder to his heirs, an absolute, *840 fee-simple title vested in `A'; if it were to `A' for life with remainder to the heirs of his body, `A' would take an estate tail." See also Arnold v. Wells, 100 Fla. 1470, 131 So. 400; Bross v. Bross, 1936, 123 Fla. 758, 167 So. 669; DeVaughn v. Hutchinson, 1897, 165 U.S. 566, 17 S.Ct. 461, 41 L.Ed. 827; Vogt v. Graff, 1912, 222 U.S. 404, 32 S.Ct. 134, 56 L.Ed. 249; Connor v. Gardner, 1907, 230 Ill. 258, 82 N.E. 640, 15 L.R.A., N.S., 73; Granger v. Granger, 1896, 147 Ind. 95, 44 N.E. 189, 46 N.E. 80, 36 L.R.A. 186, 190.
Affirmed.
SEBRING, C.J., and CHAPMAN and ROBERTS, JJ., concur.