HORTON, Chief Judge.
Plaintiff, Cora Williams, seeks review of an order dismissing her complaint. Defendants are the children of F. M. Williams, Sr., and under the terms of his last will and testament, the appellant received a life estate in the home property of the deceased and the appellees were named as remaindermen. In addition, the testatoh requested that should there be any cash remaining in the estate after his just debts' and funeral expenses were paid, the same should be applied against a mortgage on the home property. The pertinent portion of the complaint alleged the following:
“5. That under the terms of said Last Will and Testament the Plaintiff received a life estate in the heretofore mentioned property, and the Defendants were remaindeman. [sic]
“6. That prior to the death of F. M. Williams, to wit: On or about May 14, 19S6, the Plaintiff with the consent and concurrence of said F. M. Williams expended large sums of money improving said property in the following manner, to wit: The construction of a two bedroom, two baths residence known as 1131 N.W. Slst Street, Miami, Florida.
“7. That Defendants consented and concurred in the Plaintiff’s completion of said residence and improving the heretofore mentioned real property after June 23, 1956.
*204 “8. That the aforementioned residence was substantially completed on or about December. 30, 1957, by the Plaintiff, and with funds furnished by the Plaintiff.
“9. That said residence constituted a permanent improvement to the aforementioned property in the amount of Thirteen Thousand Five Hundred ($13,500.00) Dollars, and said improvements were made solely with the Plaintiff’s funds.
■“10. That in addition to the aforementioned improvements, the Plaintiff has made payments on the principal indebtedness toward an encumbrance against the said property, to wit: First Federal Savings & Loan Association mortgage.”
The defendants moved to dismiss the complaint, and upon hearing, the chancellor granted the motion and entered an order of dismissal.
Appellant raises two questions for determination, i. e., (1) when a life tenant of an estate completes an improvement begun prior to the death of the fee simple owner, and the remaindermen consent to the completion after the death of the fee simple owner, is the life tenant entitled to contribution from the remaindermen for said improvements ? and (2) whether or not a life tenant, who makes payment against a mortgáge encumbrance, is entitled to contribution from the remaindermen.
In 1 Tiffany, Real Property, § 64 (3d Ed. 1939) that authority, speaking of a life tenant, said:
“![H]e is under no obligation to make improvements, and if he does so,' he cannot, apart from statute at least, demand that the owner of the remainder pay any part, of the cost thereof in the absence of any agreement between them to that effect. But he may it seems complete improvements begun by the donor of the estate and demand contributions therefor.”
2 Thompson, Real Property, § 804 (perm, ed. 1934); Annotation 128 A.L.R. 267; and Annotation 175 A.L.R. 1453. Cf. Stephenson v. National Bank of Winter Haven, 92 Fla. 347, 109 So. 424,
Appellant contends that she is within the exception to the general rule in that she has completed an improvement begun prior to the death of the fee simple owner, and further, she should be entitled to contribution from the remaindermen who consented to the completion of the improvement. We do not agree with these contentions.
The exception to the general rule, as stated in Jacobs v. Steinbrink, 164 App.Div. 715, 149 N.Y.S. 337, provides that the completion by a life tenant of improvements begun by the creator of the life estate represents an exception to the general rule, appears to be based upon only two cases actually involving this question. They are early English cases,[1] in both of which the life tenants were not seeking to recover compensation directly from the remainder-men or their interest in the specific property subject to the life estate, but were seeking compensation from the estate of the donor of the life estate. The record does not reveal the situation to be the same here. Further, it would appear that the life tenant here was a volunteer. She secured the original building permit and the entire improvement was completed solely with her funds. The improvement was not' begun by the donor or creator of the life estate. On the contrary, the allegations of the complaint show that the appellant began and completed the improvement.
Concerning the alleged consent of the re-maindermen, 33 Am.Jur., Life Estates, Remainders, etc., § 457, observes:
*205 “Mere knowledge on the part of a remainderman that improvements are being made by the holder of a life estate, and passive acquiescence therein, are not sufficient to charge him with the cost thereof. * * * Moreover, there do not appear to be any cases in which the right of the life tenant to recover compensation for improvements put upon the property by him was sustained wholly upon the ground that the remainderman had agreed to, consented to, or authorized the making of such improvements.”
It has been held that a written agreement by some of the remaindermen to reimburse the life tenant for improvements made by him is not binding upon those not executing the agreement, and does not create a lien on the property. Rendahl v. Hall, 160 Minn. 502, 200 N.W. 744, 940; Day v. Day, 180 Minn. 151, 230 N.W. 634.
Clearly, the appellant has not brought her action within the above general rule or exception thereto, and we conclude, in that respect, that the complaint did not state a cause of action.
Finally, the appellant contends that she is entitled to contribution from the remaindermen for payments made by her on a mortgage encumbrance. As a general rule of law, if a mortgage or other encumbrance is outstanding at the time of the creation of a life estate, with the remainder over, which is paramount to the estate of both the remaindermen and the life tenant, the life tenant may be required to pay the interest as it falls due, as he is ■entitled to the rents and profits of the property. He cannot be required to pay off the principal in whole or in part and thus relieve the remainder estate, unless the testator has expressed in his will an intention to that effect. 33 Am.Jur., Life Estates, Remainders, etc., § 461; 1 Redfearn, Wills .& Administration of Estates in Florida, ■■§ 177 (3d Ed. 1957); 1 Adkins, Florida Real Estate Law, § 17.10 (1959). See Snow v. Arnold, 132 Fla. 435, 181 So. 7; Wagner v. Moseley, Fla.App.1958, 104 So.2d 86.
It is well established that where a life tenant pays off a mortgage outstanding against the estate, he is entitled to reimbursement from the remaindermen. Annotation 87 A.L.R. 220. The appellees agree with this rule; however, they contend the appellant’s complaint is defective since the amount of the mortgage, the amount of money in the estate after payment of the funeral expenses and debts, and an accounting thereof by the executrix were not set forth. To uphold the ap-pellees’ contention it would be necessary to construe the will to read that the life tenant must pay on the encumbrance from any money remaining in the estate after payment of the debts and funeral expenses. The will reads as follows:
“FIRST: I direct the payment of all my just debts and funeral expenses.
“SECOND: after compliance with the preceding paragraph of this will, should htere [sic] be any cash remaining, I direct that same shall be paid on the mortgage on my home property now held by First Federal Savings & Loan Association of Miami.
“THIRD: I hereby give, device [sic] and bequeath all the rest, residue and remainder of my estate, real and personal, including my homestead property, * * * to my wife, Cora Williams, for life and remainder to my five children, * * * ”
It is apparent from this that the mortgage encumbrance was to be paid from any cash remaining after payment of the debts and funeral expenses, by the executrix of the will. The remainder was then devised to the life tenant and remaindermen.
Although the appellant was appointed executrix of the will, she has instituted this action as a life tenant and has alleged, as life tenant, payment of the mortgage encumbrance. We conclude that it is not *206 necessary.to the maintenance of this action for the life tenant to allege compliance with those sections of the will as required of the executrix. The trial court erred in dismissing the complaint insofar as the life tenant sought recovery from the re-maindermen for the payment of the principal on the mortgage.
Affirmed in part and reversed in part and remanded for further proceedings.
CARROLL, CHAS., J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.

. Hibbet v. Cooke, 1 Sim & Stu. 552, 57 Eng.Reprint 218; Dent v. Dent, 30 Beav. 363, 54 Eng.Reprint 929.