138 So.2d 352 (1962)
Martha Joe FURLONG, Sylvia Carnes and Sally Leybourne, Appellants,
v.
Charlotte LEYBOURNE, Individually and As Executrix of the Estate of James G. Leybourne, Deceased, Appellee.
No. 61-173.
District Court of Appeal of Florida. Third District.
March 1, 1962.
Rehearing Denied March 19, 1962.
*353 Robert M. Brake, Coral Gables, for appellants.
Redfearn, Ferrell & Simon, Miami, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal to review an order of the lower court entered in a suit for a declaratory decree. Appellants, plaintiffs below, are the children of James G. Leybourne, deceased. Appellee is a widow of the deceased and the stepmother of the appellants. James G. Leybourne died October 1, 1958. His will provided that his entire estate be distributed to the appellee who was also named executrix. About one year prior to his death the deceased and the appellee, as husband and wife, joined in making a negotiable note to the Coral Gables Federal Savings & Loan Associaton, hereinafter referred to as Federal, in the amount of $27,500, and in executing a mortgage to the Federal to secure the same, encumbering the homestead property which was owned by the deceased.[1] The proceeds of the aforesaid loan were used to pay back income taxes of the deceased which accrued prior to his marriage to the appellee.
Appellants previously brought an action for a declaratory decree seeking to determine whether it was the obligation of their father's estate or the appellee, as the case may be, to pay the principal due under the nonpurchase money mortgage. The complaint therein was filed against the appellee individually and as executrix of the estate of the deceased and against the Federal as creditor-mortgagee of the homestead property. That complaint alleged that the unpaid portion of the note secured by the mortgage was in excess of $26,000; that the Federal failed to file a claim against the *354 estate within the prescribed time; that appellants had timely filed a claim in their own behalf; that the appellee was demanding that the appellants pay the principal owing on the note for which the mortgage was security; and that as a result of the above, the appellants were entitled to have the rights of the parties determined relative to the obligations concerning the homestead property.
The orders in that declaratory action were adverse to the children and they appealed. This court in affirming[2] the lower court's orders stated:
"We affirm the action of the chancellor in dismissing the Federal [creditor-mortgagee] from the cause, which was the subject of the appeal in case No. 59-326. The Federal, as the holder of a note made by the deceased and his wife and secured by a mortgage on property owned by the deceased, was entitled, under the applicable law, to elect whether to file a claim in the estate for the amount due under the mortgage debt, or to waive the filing of claim without loss of right to foreclose, and to look only to the security under the mortgage as a means of recovery. * * *"
"We also affirm the chancellor in case No. 59-379, on his ruling as made in the summary decree. The main question in case No. 59-379, as raised by appellants, was whether the doctrine of exoneration, by which devisees of real property encumbered by a nonpurchase money mortgage are entitled to have the lien on the mortgage discharged by payment from the personalty of the estate, was applicable as part of the law of Florida to require the executrix to pay the outstanding debt owed to the Federal."
"It is clear that such doctrine could have no application in this case, because of the failure of the mortgagee to file a claim in the estate. * * *"
Appellants filed a petition for rehearing and alleged that the court completely overlooked their request to determine the liability of the appellee in her individual capacity as co-maker of the note and that they were entitled to have this request adjudicated, separate and apart from any liability of the appellee as executrix of the estate.
This court after consideration of the petition stated at page 802:
"The questions as to the effect of the widow's personal liability on the mortgage as a co-maker of the mortgage note, as they bear on the rights, remedies and defenses of the parties, were not determined in the decree, but were within the pleadings and before the court, and we are of the opinion that for substantial justice to be done between the parties such questions also should be determined."
"Therefore, this cause is hereby remanded with directions to the chancellor to declare the rights and liabilities of the parties in the respects hereinabove referred to, upon consideration of the pleadings and evidence and with the aid of such further proceedings and evidence as may come before the chancellor in his discretion. * * *"
Upon remand of the cause the lower court, after further proceedings were had, entered the supplemental final order from which appellants take the present appeal. The order reads in part as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that:
"1. The said Charlotte C. Leybourne, as the co-maker of the said mortgage and note, is entitled to the protection of having the mortgaged property, in the event of default, first applied to the payment of said mortgage indebtedness, and then, if the mortgaged property is insufficient to pay the mortgage indebtedness in full, she would be obligated to pay the deficiency. As between the widow and the remaindermen, the widow has no obligation to pay any part of said note *355 except the interest. It is the obligation of the plaintiffs as remaindermen to pay the principal of said mortgage indebtedness as the same accrues if they desire to retain their interest in said real estate.
"2. The plaintiffs, as the owners of the remainder interest in the homestead property, subject to the mortgage indebtedness and subject to the widow's life estate, stand to lose their title to the homestead property in case the mortgage indebtedness is not paid as provided in the decree of this court entered on June 11, 1959. The said widow, as the owner of a life estate in said homestead property subject to the mortgage indebtedness, in the event the mortgage indebtedness is not paid as decreed by this court in its decree entered June 11, 1959, stands to lose her life interest in said property and also in addition thereto, by virtue of being a co-maker of the mortgage note, to be assessed for any deficiency which might arise in case the said mortgaged property is insufficient to satisfy the mortgage indebtedness."
It is the appellants' contention that the appellee as co-maker of the note is primarily obligated to pay the note upon the death of the other co-maker; that this liability is neither affected by the fact that the creditor took security from one of the co-makers nor the fact the remainder interest in the property which is the security for the obligation has descended to appellants by operation of homestead law; that it was error for the lower court to find that the appellants were responsible for the payments to the Federal representing principal, if they wished to keep their interest in the homestead property; and that the appellants were entitled to have the appellee as a principal obligor exonerate the land by payment of the entire loan and thereby extinguish the mortgage.
Appellee contends that she is merely an accommodation maker and accordingly is entitled to have protection of the mortgaged property, and in case of default to have the said security exhausted first so that she would be personally liable on the note only for any deficiency should the security be insufficient to satisfy the indebtedness.
We find after careful consideration that the equities lie somewhere between the arguments propounded by the respective parties and that the order appealed must be reversed.
A reading of the record clearly establishes that the appellee was only an accommodation maker. Where one signs a note so that the proceeds may be used to pay an obligation of a co-maker the relationship between the two signatories to the instrument is that of principal and surety. Scott v. National City Bank, 107 Fla. 810, 139 So. 367; 11 C.J.S. Bills and Notes § 750. However, the appellee as co-maker is primarily liable on the note despite the fact that the Federal knew that she was an accommodating party. § 674.32 Fla. Stat., F.S.A. In addition, the primary obligation of the appellee is unaffected by the fact that the Federal chose to forego its right against the estate of the deceased even though this may have been prejudicial to the appellee's position. Schaeffe v. Nolan, 115 Cal. App.2d 651, 252 P.2d 732; Anno: 35 A.L.R.2d 1027.
Appellee, in support of the lower court's finding that the children as owners of the remainder interest are responsible for that part of the payments on the note which constitute principal, cites Snow v. Arnold, 132 Fla. 435, 181 So. 7, Williams v. Williams, Fla.App. 1960, 120 So.2d 202, and Wagner v. Mosely, Fla.App. 1958, 104 So.2d 86, as controlling. While we are in accord with the principles expounded in these cases, we find that they do not govern the instant situation. In those cases the courts found that the life tenant was to be responsible for interest payments and the remaindermen for principal payments when land was acquired subject to an outstanding indebtedness. The fact which *356 distinguishes the present situation from those cases is that the appellee, life tenant, is primarily liable on the indebtedness notwithstanding that she is only an accommodation co-maker on the note. Accordingly, she is responsible to the Federal for the entire indebtedness. However, since the appellee had only undertaken the obligation as an accommodation to the deceased she should have recourse over against his estate for the debt as she pays it. While appellee cannot recover from the estate since it has long been closed for the filing of creditor claims, she as surety has the right to be subrogated to the rights of the Federal provided the entire debt is paid.[3] Federal Bank of Columbia v. Goodwin, 107 Fla. 537, 136 So. 513, 145 So. 883; Lasseter v. Long, 85 Fla. 439, 96 So. 841.
This right of subrogation to the rights of the Federal includes the security of the Federal which in the instant situation is the right to foreclose on the homestead property for any amounts paid to the Federal. Clifford v. West Hartford Creamery Co., 1931, 109 Vt. 229, 153 A. 205; 30 Fla.Jur., Subrogation, § 8. As stated previously, the right to be subrogated to the rights and securities of the creditor extends to anyone paying any part of the debt of another provided the entire debt is paid.[4] Thus, should appellants make any payments to the Federal they would have a right to be subrogated to the rights and securities of the Federal upon the entire debt being paid. This right of subrogation would necessarily include the right to foreclose on the homestead property or to bring an action against the appellee who is a principal obligor to the Federal. Should appellants enforce their right of subrogation by electing to recover from the appellee, then it would follow that the appellee could exercise her right of subrogation and foreclose on the homestead property.
The result is just and equitable. The widow is entitled to no more than a life interest and the children to no more than the remainder interest in the property subject to the outstanding indebtedness. Hence regardless of which party ultimately pays the indebtedness, that party is entitled to the protection of the homestead property under the procedure outlined above. Until the entire debt is paid, appellee, as co-maker of the note for which the property is security, is obligated to pay the entire payments as they fall due. For the reasons stated above the order appealed is reversed and the relative rights of the parties are adjudged to be as outlined in this opinion.
Reversed.
NOTES
[1] Pursuant to F.S. §§ 731.27 and 731.05, F.S.A., the homestead property passed to the appellants as the lineal descendants subject to a life estate to the widow.
[2] Furlong v. Coral Gables Federal Savings & Loan Ass'n, Fla.App. 1960, 121 So.2d 797, 800.
[3] See Fowler v. Lee, 106 Fla. 712, 143 So. 613, and 30 Fla.Jur., Subrogation, § 8, to the effect that any right to be subrogated does not arise until the entire debt has been paid except for certain situations not now applicable.
[4] The foregoing principal of law assumes that the one paying is not a volunteer and has sufficient interest to warrant the payments of another's debt.