203 So.2d 506 (1967)
Joseph M. EBELING, Sr., Appellant,
v.
Hubert E. LOWRY D/B/a Florida Decorating and Upholstery Company et al., Appellees.
No. 1014.
District Court of Appeal of Florida. Fourth District.
November 8, 1967.
C. Lavon Ward, Fort Lauderdale, for appellant.
*507 Bayard B. Sellars and Thomas A. Merritt, of Chesley V. Morton & Associates, Fort Lauderdale, for appellee-Hubert E. Lowry.
REED, Judge.
This is an appeal from a summary final judgment entered by the Court of Record for Broward County, Florida, against Joseph M. Ebeling, Sr. a defendant below. The action was commenced in the trial court on September 16, 1965.
From the record on appeal it appears that the appellant, Joseph M. Ebeling, Sr., signed a negotiable promissory note on the lower right side in the place usually provided for a maker's signature. His signature was immediately below that of James Granite, Jr., a co-defendant who actually incurred the debt evidenced by the note. The note was signed by Granite on and dated 9 October 1964, but was signed by the appellant sometime after that date when the note was in default. The appellee who was plaintiff in the trial court is the holder of the note.
In his deposition the plaintiff testified that, when the note became in default, he told Granite that he intended to sue on the note unless Granite produced a co-signer "to guarantee the payments." Thereafter, Granite got appellant to sign the note.
The appellant in his deposition explains the transaction as follows:
"Q Going back for a minute to the note, plaintiff's exhibit 1, for identification, which you identified the signature on a moment ago?
"A Yes.
"Q Would you state as far as you are able the circumstances under which you came to sign that?
"A To the best of my memory sometime in December, Mr. Granite asked me if I would sign this note.
"Q Could you say December of what year?
"A 1964.
"Q Excuse me.
"A And I did do it for him. I don't know why, as I said before, I should have had my head examined for doing it.
"Q What did he say when he asked you to sign the note? What was his reason to your understanding as to why he wanted your signature on the note?
"A I don't recall exactly.
"Q Did you know what the document was at the time you signed it?
"A I knew it was a note because I sure looked at it before I signed it."
* * * * * *
"Q I think my last question was somewhat awkwardly phrased. I would like to ask it in a different language subject to the objection of your attorney, which he just raised. What was the reason you signed this note  apparently as an accommodation or favor to Mr. Granite?
"A I would say that is right because he just asked me to. I signed it for him as a favor to him."
The only contention made by the appellant is that, because he signed the note after it was in default, he was not a "maker" and not primarily liable but only secondarily liable and not subject to being joined in an action against the principal maker, James Granite, Jr.
The appellant cites Hough v. State Bank of New Smyrna, 1911, 61 Fla. 290, 55 So. 462. In the Hough case the defendant, C.V. Hough, executed a note payable to J.E. Dean, Sr. J.E. Dean, Sr., and G.W. Dean endorsed the note in blank by writing their names on the back. Thereafter, the note was delivered to the plaintiff-bank which *508 sued Hough and both Deans. The court held that the liability of G.W. Dean was that of an endorser, no contrary intent being shown, and held that G.W. Dean was not jointly liable with the other defendants. This decision, which cites no controlling statute, is distinguishable because: (1) the signatures were on the back of the instrument; (2) the endorsements were made before delivery to the holder; and (3) no showing was made that any liability other than that of an unrestricted endorser was intended.
Based on the deposition testimony of plaintiff and appellant, the trial court was justified in concluding that no material issue of fact existed. Appellant, by his own testimony, showed that he signed the note without value and for the purpose of lending his name to the maker, James Granite, Jr. This being the case, the appellant was an accommodation party under F.S.A. § 674.32, 1963, which provided:
"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." (Emphasis added.)
An accommodation party, insofar as a holder is concerned, is equally obligated with the principal maker and, therefore, jointly liable to the holder, Furlong v. Leybourne, Fla.App. 1962, 138 So.2d 352, 355; Marinelli v. Weaver, Fla.App. 1966, 187 So.2d 690, 692; therefore, the appellant and Granite were properly joined in one action under Fla.R.C.P. 1.17(a), 1954, 30 F.S.A. (now Fla.R.C.P. 1.210(a)).
The fact that the note was in default at the time of the signing by Ebeling does not affect the application of F.S.A. § 674.32, 1963. This fact merely gives the note the character of a demand obligation. See F.S.A. § 674.09, 1963, which states:
"* * *
"Where an instrument is issued, accepted or indorsed when overdue, it is, as regards the person so issuing, accepting or indorsing it, payable on demand."
See also Conn v. Boulevard National Bank of Miami, Fla.App. 1963, 148 So.2d 758, where the defendant had endorsed a note at a time when the maker was behind on its payment. Defendant was considered an accommodation party and judgment against him affirmed, the opinion citing Furlong v. Leybourne, supra.
For the foregoing reasons the judgment of the trial court is affirmed.
WALDEN, C.J., and McCAIN, J., concur.