652 So.2d 1199 (1995)
Bradley E. KING, Appellant,
v.
Ben F. KING, Appellee.
No. 93-2951.
District Court of Appeal of Florida, Fourth District.
March 29, 1995.
Rehearing Denied May 9, 1995.
Perry W. Hodges, Jr. of Hodges & Carry, P.A., Fort Lauderdale, for appellant.
R. Alan Hale of Law Offices of R. Alan Hale, P.A., Fort Lauderdale, for appellee.
*1200 PER CURIAM.
We affirm an order determining that Appellee's life estate in homestead property is exempt from forced sale. Appellant, who is Appellee's son, obtained a judgment against his father for $3,204 in expenses paid, voluntarily, for mortgage payments, condominium assessments and maintenance.
The son claims that these debts, upon which the money judgment is founded, are expressly excepted from the homestead exemption in article X, section 4, of the Florida Constitution, which provides, in part:
There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty... .
Art. X, § 4(a), Fla. Const.
The judgment does not differentiate between that portion of the debt representing a current benefit to Appellee's interest, such as current interest on the mortgage, and that portion of Appellant's payments ultimately benefiting only Appellant-remainderman, such as the principal reductions on the mortgage. See generally Williams v. Williams, 120 So.2d 202 (Fla. 3d DCA 1960). See also, Snow v. Arnold, 132 Fla. 435, 181 So. 7 (1938). We have considered, and deem inapposite, Palm Beach Sav. & Loan Ass'n, F.S.A. v. Fishbein, 619 So.2d 267 (Fla. 1993) and Burns v. Estate of Cobb, 589 So.2d 413, 416 (Fla. 5th DCA 1991), relied upon by Appellant.
The trial court did not err in concluding that the father's interest in the homestead is exempt from forced sale. We need not reach the additional issue addressed in the concurring opinion.
POLEN, J. and DONNER, AMY STEELE, Associate Judge, concur.
STONE, J., concurring specially with opinion.
STONE, Judge, concurring.
I concur in the opinion but would also note that the judgment in this case does not involve, and does not purport to be founded on, concepts of equitable lien, equitable subrogation or constructive trust. Nor has Appellant even claimed such relief. Appellant's money judgment is for voluntary payments, and is not based upon a claim of fraud or a contract obligation between the parties. I also note that there is no reason to apply a different principle here than in a circumstance where an owner of homestead property borrows funds which are subsequently applied to repairs or mortgage payments by the debtor. See, e.g., Perry v. Beckerman, 97 So.2d 860 (Fla. 1957).